NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN J. PROPHETE | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 05-CV-5329 (DMC) |
| UNIVERSITY OF NEW ENGLAND, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on *pro se* Plaintiff Evelyn J. Prophete's Complaint against Defendant University of New England ("Defendant"). After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's Complaint is **dismissed without prejudice**, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 12(b)(2) provides for dismissal of a complaint for lack of jurisdiction over the person. Fed.R.Civ.P. 12(b)(2). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, jurisdiction over the person is a threshold issue which the Court has an obligation to review, and the Court can dismiss cases *sua sponte* where it finds jurisdiction lacking. Kolocotronis v. Dupont Meds, 2002 WL 31643025, *3

(D.Del.2002).

In an action such as the present one, brought under the Court's diversity jurisdiction, the Court has personal jurisdiction only as authorized under New Jersey state law. Fed.R.Civ.P. 4(e); Rees v. Mosaic Technologies, Inc., 742 F.2d 765, 767 (3d Cir. 1984). New Jersey's long-arm statute provides for jurisdiction to the extent permitted by the due process requirements of the United States Constitution. N.J. Court Rule 4:4-4(b). Where a cause of action allegedly arises from events or transactions related to the forum, only parties who have constitutionally sufficient "minimum contacts" with the state of New Jersey are subject to suit here. Miller Yacht Sales, Inc. v. Smith 2004 WL 2085851 (3d Cir. 2004); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174 (1985); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945).

Giving Plaintiff the benefit of the most liberal construction of her pleadings that is possible, the Court finds that it has no personal jurisdiction over Defendant. In this case, Plaintiff has alleged no event, transaction or injury in this forum which is related to his claim. Plaintiff's mere desire to litigate her claim in New Jersey is not enough to confer jurisdiction over Defendant for claims arising from events not occurring within the state. In her Complaint, Plaintiff has referred only to relevant events in New Hampshire. Plaintiff's own pleadings indicate Defendant is an educational institution located in the State of New Hampshire, and appears to have no connection with the State of New Jersey. Plaintiff has also failed to make any allegations that Defendant has had any contacts with the State of New Jersey. As such, this Court has no jurisdiction over the person of Defendant and must dismiss the case pursuant to Rule 12(b)(2).

## CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's Complaint is **dismissed**

**without prejudice**. An appropriate Order accompanies this Opinion.

*/s/ Dennis M. Cavanaugh*
Dennis M. Cavanaugh, U.S.D.J.

Date:        November 18, 2005
Original:    Clerk's Office
Copies:      All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File