NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN J. PROPHETE : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-5329 (DMC) |
| UNIVERSITY OF NEW ENGLAND, : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Evelyn J. Prophete ("Plaintiff") for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i), of the Court's Order dated November 18, 2005, dismissing Plaintiff's Complaint against Defendant University of New England ("Defendant") for lack of personal jurisdiction. After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's motion is **denied**.

## I. BACKGROUND

On November 7, 2005, Plaintiff initiated the instant action against Defendant. On November 18, 2005, after reviewing the Complaint, this Court issued an Order *sua sponte* dismissing the action for lack of jurisdiction over the person of Defendant. On December 1, 2005, Plaintiff filed a motion for reconsideration of the Court's Order of dismissal.

## II. DISCUSSION

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Such rule of law permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989). It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

The Court is quite cognizant of its obligation to hold pleadings drafted by a *pro se* litigant to a less exacting standard than those drafted by trained counsel, due to an understandable difference in legal sophistication. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, even giving Plaintiff the benefit of the most liberal construction of his papers that is possible, the Court finds that she has failed to meet the standards of Local Rule 7.1(i). Plaintiff has not demonstrated to the Court that 1) an intervening change in the controlling law has occurred; 2)

evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.  Rather, Plaintiff merely expounds at length upon this Court's "precocious" dismissal of her Complaint while listing a number of irrelevant statutes and unrelated case citations, and making references to universal and worldwide jurisdiction.

As in her Complaint, Plaintiff fails to provide any evidence whatsoever, let alone evidence overlooked by or not available to this Court, of any personal contacts of Defendant with the forum State of New Jersey.  Plaintiff's mere desire to litigate her claim in New Jersey is simply not enough to confer jurisdiction over Defendant for claims arising from events not occurring within the state.  This Court has no jurisdiction over the person of Defendant, and Plaintiff has not made any showing sufficient to meet the stringent requirements of Local Rule 7.1(i).  As such, Plaintiff's motion for reconsideration is denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      April   19  , 2006
Original:  Clerk's Office
Copies:    All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File